IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LOOMIS JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-672-TMH |
| | ) | |
| PRESTON HUGHES, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Loomis Jones ["Jones"], an indigent inmate, in which he alleges a violation of his right to equal protection during his confinement in the Covington County Jail.  Specifically, Jones complains that Preston Hughes, an officer at the jail, denied his request for a pass to attend his brother's funeral while allowing other inmates to attend funeral services of their immediate family members.  Compl. (Doc. No. 1) at 3.  Jones seeks monetary damages from the defendant.  *Id*. at 4.

Upon review of the complaint, the court concludes that this case is due to be dismissed prior to service upon application of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] The court granted Jones leave to proceed *in forma pauperis*.  Doc. No. 3.  This case is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a case prior to service of process if it determines that the claims contained in the complaint are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. DISCUSSION

Jones alleges he "was discriminated against for [an] unknown reason." Compl. (Doc. No. 1) at 2. In support of this allegation, Jones asserts the defendant denied him equal protection by allowing other inmates to attend funeral services of immediate family members while his request for a pass to attend the funeral of his brother was denied. *Id.* at 4. This claim provides no basis for relief.

In order to present a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact . . . . [An allegation] of . . . discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable

2

group." *Pers. Admin. of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where the plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Co. v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment or even arbitrary administration of state power are insufficient to establish discrimination violative of equal protection).

For purposes of this Recommendation, the court assumes *arguendo* the inmates receiving bereavement passes were similarly situated in all relevant respects to Jones. Nevertheless, Jones utterly and completely fails to meet his pleading burden as he does not allege the defendant subjected him to adverse treatment based on some constitutionally impermissible reason; instead, Jones concedes the defendant denied his request "for [an] unknown reason" and simply makes a purely conclusory assertion that the differential treatment among inmates constituted an equal protection violation. Specifically, Jones relies exclusively on the assertion that other inmates have been granted passes to attend funerals of immediate family members while his request to attend the funeral of his brother was denied. Under well established law as cited herein, the mere differential treatment referenced

3

by Jones does not implicate a violation of the Equal Protection Clause. *Sweet*, 467 F.3d at 1319; *E & T Realty*, 830 F.2d at 1114-15; *Horner v. Kentucky High School Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994). Consequently, the equal protection claim presented by Jones is due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before August 23, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 9th day of August, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE